UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SOHAIL R SHEIKH, SADIA DURANI, and SHAMSHAD
BEGUM,

                                           Plaintiffs,                  05 Civ 0673 (PKL)

           -against-                                **AFFIRMATION IN OPPOSITION**

STARR TRANSIT CO., INC. and JOSEPH PAUL
CAMPBELL,

                                           Defendants.

------------------------------------------------------------------------X

TO: Jeffrey Marder, Esq.
     Law Offices of Floyd G. Cottrell
     Attorneys for Defendants
     5 West Main Street, Suite 201
     Elmsford, NY 10523

NEIL KALRA, ESQ., attorney for plaintiffs, submits this Affirmation in opposition, annexed case law, to defendants' motion for an order to strike the plaintiffs' jury demand or in the alternative transfer denying defendants' motion to "transfer venue".

                                                    Law Office of Neil Kalra, P.C.

                                                    _____
                                                    NEIL KALRA, ESQ. (6253)
                                                    Attorney for Plaintiffs
                                                    107-40 Queens Boulevard
                                                    Suite 206
                                                    Forest Hills, NY 11375

Statement of Material Facts

Plaintiffs, SOHAIL R SHEIKH, SADIA DURANI, and SHAMSHAD BEGUM, by and through their counsel hereby oppose the instant motion.

1. This action arises from a motor vehicle accident that occurred on May 2, 2004 in which plaintiffs SOHAIL R. SHEIKH and SHAMSHAD BEGUM suffered serious and protracted injuries.

2. The plaintiffs commenced this action in the Supreme Court, Bronx County and designated Bronx County as the place for trial based on defendant Starr Transit Co. Inc.'s place of business. A copy of Starr Transit Co. Inc.'s, registration with the New York Department of State is attached hereto as Exhibit "A".

3. Defendants filed their answer to the complaint in Bronx County on January 12, 2005.

4. On January 19, 2005, defendants served a Notice of Removal upon plaintiffs and chose to remove the case to the United States District Court Southern District of New York.

5. On June 23, 2005, pursuant to the directives from your honor, plaintiffs filed a Jury Demand.

6. On October 21, 2005, defendants filed a motion to strike plaintiffs' Jury Demand or in the Alternative Transfer Venue to the United States District Court for the District of New Jersey, Camden Division.

## I.     JURY DEMAND SHOULD BE DEEMED TIMELY

Rule 81(c) of the Federal Rules of Civil Procedure addresses the time to the file a jury demand in removed actions.  Rule 81(c) reads as follows:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefore is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. <u>If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party</u>. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.
> Emphasis Added

In their motion papers, defendants argue that plaintiffs' jury demand should be struck because it does not comply with Rule 81© of the F.R.C.P.  Defense counsel further imposes a stricter interpretation of the Rule than intended by the drafters.  In his application he does not consider any language beyond the portion that gives the party 10 days after the Notice of Removal.  He further ignores NY state requirements as well as prevalent case law within the 2nd circuit that repeatedly allowed the parties to file a jury demand beyond the 10 day period.  Moreover, courts within the second circuit have not applied such a strict interpretation of the Rule 81(c) in cases that have been removed from New York State courts.  Courts have also allowed judge's discretion to allow a party to file a jury demand beyond the 10 day period outlined in Rule 81(c), under certain circumstances.

The Court in *Higgins v. Boeing Co.,* 526 F.2d 1004 (2$^d$ Cir. 1975), dealt with the very issue at hand in the instant matter where a personal injury case was removed from a New York court.  The Second Circuit Court of Appeals upheld a jury demand that was untimely under a Rule 81(c) because New York law is at best unclear regarding the filing of jury demands.  The Court further relied upon the New York Civil Practice Law and Rules § 4102(a) that provides "any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all parties and filing a note of issue containing a demand for trial by jury."(N.Y.C.P.L.R. §4102(a)).

The same court also noted that §4102(e) has built in discretion for parties in noncompliance by stating "the court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." (N.Y.C.P.L.R. §4102(e)).  §4102(e) is analogous to Federal Rule 39(b) which reads "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made as of right, the court in its discretion upon motion may order a trial by jury of any or all issues." (F.R.C.P.39(b))

Due to the fact that the dispute in *Higgins, supra,* arose from a case that was removed for New York to a federal court, the court applied that language in 81(c) that read "state law applicable in the court from which the case is removed" to the facts of the case.  Applying the New York law governing the filing of a jury demand to the case at hand, the Second Circuit held that "this discretionary right must read into the language of 81(c)." *Higgins supra 526 F.2d at 1007*.  Thus the court held that the "action for personal injuries and hence traditionally triable by jury" contained the element for the exercise of discretion favorable to the plaintiffs. *Id. at 1007*.

In the *Cascone v. Ortho Pharmaceutical Corp.,* the Second Circuit applied Higgins and further defined the applicability of judicial discretion to untimely jury demands in cases that originate in the New York State courts. *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, (2$^d$ Cir. 1983). In *Cascone*, the plaintiff in a personal injury case failed to file a jury demand in a case removed to federal court within the time designated in the Federal Rules of Civil Procedure. In ruling to uphold the plaintiff's untimely jury demand, the court restated its ruling in *Higgins* as follows:

> We noted the customary practice, including the discretion granted by the state statute which comported with Rule 39(b). Moreover, the case, ***one for personal injuries, was traditionally tried by a jury***, and the parties had proceeded for some time on the assumption that the matter would not be a bench trial. Finally, the defendant had acquiesced in the jury request and would not be prejudiced by that court's action in granting plaintiff's untimely jury demand. In view of these circumstances, we held that and exercise of discretion under Rule 39(b) should not be foreclosed. (emphasis added)
> *Id. at 392*

In the present case, plaintiffs' did not file a jury demand within 10 days of Notice of Removal to federal court. The plaintiffs filed a jury demand upon the order of your honor and did so within the 10 days proscribed. This personal injury action is one traditionally tried by a jury and both parties have proceeded with the litigation under the assumption that this would not be a bench trial. The defendants have not been prejudiced by this untimely jury demand and until the filing of their motion to strike said demand, <u>117 days after the demand was filed</u>, defendants have not raised any objection to a jury trial. Moreover, defendants failed to voice any objections when your honor allowed the plaintiff additional time to file the jury demand.

Thus under Federal Rules 39(b) and the analogous New York rule, C.P.L.R. §4102(e), governing judicial discretion for the acceptance of untimely jury demands, this honorable court should deny defendants' motion to strike the jury demand based on the controlling authority and its application to the facts of the present case. This honorable court should not allow a procedural issue to deprive plaintiffs of their Constitutional right to have this case decided by a jury of their peers. Such a decision has would be detrimental to the interests of justice.

## II.  CASE SHOULD STAY IN NEW YORK AS THE DEFENDANT STARR TRANSIT CO. INC., MAINTAINS AN OFFICE IN BRONX, NEW YORK

Defendants argument again fails to support their position that this matter should be transferred to Federal District Court of New Jersey, Camden Division. Counsel claims in his affirmation, that because the plaintiffs did not file a Jury Demand ten days after removal of the case to federal court, he did not seek a change of venue to a New Jersey District Court. This portion of defense counsel's motion is totally without merit since the Notice of Removal had come <u>before the time to file a jury demand began to run</u>.

If defense counsel's desire was to move this case to New Jersey, defendants should have moved to dismiss this action while it was in the Supreme Court, Bronx County or remove the action directly to New Jersey, Camden county. Instead, *it was the defendants' choice* to move this case to the District Court for the Southern District of New York, and not to Federal District Court of New Jersey, Camden Division. By now allowing defendants to yet again choose their venue is unsupported by law as defendant Starr Transit Co. Inc. maintains an office in Bronx, New York, and by allowing a transfer would allow defendants a second bite at the apple. It should be noted that it was only

after the plaintiffs filed their jury demand that defendants moved to have this case transferred to New Jersey.

Defendants present certain "undisputed" facts exist that support a transfer of the case to New Jersey but offer no proof to buttress their claims. For example, defense counsel argues that it is undisputed that defendant Starr Transit Co., Inc. is located in Trenton, New Jersey. He offers no proof of this fact in his motion papers and he fails to address the fact that defendant Starr Transit also maintains an office in Bronx, New York. Attached hereto as Exhibit "B" is defendant Starr Transit's registration with the New York State Department of State as an active foreign corporation located at 1234 Spoffard Avenue, Bronx, New York, 10474. Thus, at best, defendant Starr Transit Co., Inc. is located in both states.

This fact supports the plaintiffs position that since defendant Starr Transit, Co. Inc., holds itself out and maintained an office in Bronx, New York, it can be sued in the state of New York. Defendants' further argue that it is undisputed that defendant Joseph Paul Campbell lives in Pennsylvania and drives in Pennsylvania and New Jersey but again, attach no proof to support this claim.

Lastly, defendants fail to forward a persuasive argument that in the interests of justice and the convenience of the parties would be served by having the case moved to a New Jersey District Court. The plaintiffs reside in Jackson Heights, New York. The numerous treating physicians are located in Jackson Heights and Rego Park, New York. Therefore, it would be convenient for the witnesses to commute to New York City to testify and not Camden, New Jersey.

Defendants would not be prejudiced should this honorable court uphold plaintiffs' jury demand.  It is disingenuous for defendants to argue that their choice of venue was predicated on this case being heard by a judge rather than a jury, when the demand for a jury was to be made ***after*** the Notice of Removal was filed. This action for personal injuries is traditionally tried by a jury, a fact this very court noted in *Landau v. National Railroad Passenger Corp.  Landau v. National Railroad Passenger Corp*., 97 F.R.D. 723, 38 Fed. R. Serv. 2d 1244 (S.D.N.Y. 1983).  In that personal injury action, that court held that "it would be an understatement to say that a case of this sort is usually or classically tried by a jury.  Surely, no competent personal injury plaintiff's counsel would consciously frame such a complaint and waive a jury." *Id. at 725*.

This honorable court should not grant defendants' desperate attempt to transfer this case to New Jersey because the defendants have offered nothing to support their claim that such a transfer would be in the interests of justice and the convenience of the parties.  The defense counsel has also failed to make any attempts as to why allowing a jury trial at this stage of the proceedings would prejudice the defendants.  This honorable court should not allow defense counsel's regrets about decisions he should or should not have made regarding this litigation to deprive plaintiffs of their right to a jury trial.

### III.  LAW CITED BY DEFENDANTS IS UNSUPPORTIVE OF THEIR ARGUMENTS

Defendants fails to make his prima facie case because the case law cited lacks the jurisdictional authority to bind this Honorable Court.  In its motion, defendants cite eight cases in an effort to persuade to this honorable court to strike the plaintiffs' jury demand or in the alternative transfer venue.  It should not go unnoticed that counsel provides only

**two cases** that come from courts with binding authority on this court, namely the Second Circuit.

Counsel cites one such case, *Noonan v. Cunard Steamship Co.*, in which the Second Circuit Court of Appeals affirmed the denial of the plaintiff's untimely jury demand. *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2nd Cir. 1967). Defense counsel fails to address the gross factual distinctions between *Noonan* and the present case. Unlike our action, In *Noonan* it was the plaintiff who chose to file the case in the District Court for the South District of New York. The holding in *Noonan*, fails to address the fundamental question in the instant matter of untimely jury demand in cases removed from the New York Courts. Id.

The only other Second Circuit ruling defense counsel references, *Galella v. Onassis*, fails to even remotely resemble the factual scenario and the type of action as in the present action. *Galella v. Onassis*, 487 F.2d 986 (2d Cir. 1973). In *Galella*, the Second Circuit Court of Appeals affirmed the denial of plaintiff's untimely jury demand. *Id. at 997*. The claim filed by the plaintiff in *Galella* was sounding in false arrest, malicious prosecution, and trade interference, matters generally not tried by a jury. *Id. at 991* The instant action, one for personal injuries and is primarily the type of matter traditionally tried by a jury. *See Landau , supra 97 F.R.D at 725*. Though at first glance, *Galella* appears to support defendants' motion, a thorough factual analysis of the case yields no support for defendants' argument.

Failing to find binding authority to support their argument, defendants make yet another attempt to reach for decisions from circuit courts beyond the Second Circuit Court of Appeals. Reaching into the Fourth Circuit Court of Appeals, counsel cites

*Malbon v. Pennsylvania Millers Mut. Ins.*, in which the Court refused to hear an appeal on the lower court's failure to exercise its discretion to grant an untimely jury demand. *Malbon v. Pennsylvania Millers Mut. Ins.*, 636 F.2d 936, 941 (4th Cir. 1980). Defense counsel fails to discuss the fact that the Court in *Malbon*, specifically held that it would not allow for discretion on the issue of plaintiffs' jury demand because the plaintiffs' request came too late in the proceedings for the Court to grant such relief. *Id. at 940*. In *Malbon*, the plaintiffs sought Rule 39(b) discretion to allow for an untimely jury demand on appeal but failed to preserve the issue in the lower court. *Id at. 941*. In the present action, plaintiffs' ask this court to exercise its Rule 39(b) discretion in the pre-trial stage, causing no prejudice to the defendants.

Defendants next look to the Fifth Circuit Court of Appeals for support of their motion. *Farias v. Bexar County Board of Trustees for Mental Health Retardation Services* 925 F.2d 866 (5th Cir. 1991). This case also fails a factual comparison with the present action because the neither the plaintiff nor the Court raised the effect of applicable state law on the untimely jury demand. *Id. at 873*. In fact, the plaintiff's reason for offering an untimely jury demand was that he felt a jury demand would be inconsistent with his motion to remand his case to state court. *Id. at 873*. The issue of the untimely jury demand in the present action revolves around the conflict of New York State law and the Federal Rules pertaining to such demands. The plaintiff in Farias and the plaintiffs in the present action raise entirely different justifications in asking for the Court's discretion. *Id. at 873.*

Of the four remaining cases cited by defense counsel, two come from trial courts in other circuits and therefore have little to no weight in a jurisdiction, such as this

one, that has already decided this issue.  Additionally, the remaining two cases, both from this very Court, do nothing to bolster or support defendants' motion to strike plaintiffs' Jury Demand or to Transfer Venue to a New Jersey District Court.

Counsel cites *Leve v. General Motors Corporation*, in which this very Court struck an untimely jury demand.  *Leve v. General Motors Corporation,* 248 F.Supp. 344 (S.D.N.Y. 1965).  The Court justified its action by holding that the matter in *Leve* was not "one where the factual issues are especially susceptible to jury determination." *Id. at 346*. This is not the case in the present matter as juries are traditionally the fact finders in personal injury actions.

Defendants' final reach for authority is on the issue of transfer of venue. *Chet Baker Enterprises, L.L.C. v. Fantasy, Inc.,* 257 F.Supp 2d 592  (S.D.N.Y 2002). In that case his Court allowed for the transfer of a breach of contract action from the Southern District of New York to the District Court of Northern California. *Id. at 593*.  This court held that a forum selection clause between the parties in the case provided for jurisdiction in California, that the defendant's principle place of business was in California, California was the locus of operative facts and the plaintiffs were residents of Oklahoma. *Id. at 596*.  In the present action, the defendant Starr Transit Co. Inc. has is a registered foreign corporation with an office address in New York, the plaintiffs are residents of New York and no prior agreement binds the parties to any specific jurisdiction.

## Conclusion

This honorable court should deny defendants' motion to strike plaintiffs Jury Demand or in the alternative strike defendants' motion to transfer venue the District Court of New Jersey, Camden Division.  Case law has held that New York rules

pertaining to judicial discretion for the acceptance of untimely jury demands grant federal judges the discretion to accept such untimely demands in cases removed from the New York State Courts.  In this case, the plaintiffs did not chose federal jurisdiction but when ordered to do so by your honor, timely filed a Jury Demand as proscribed.  Typically, in state court as where the action was commenced, it is the customary practice to file a Note of Issue at the end of discovery and demand a jury trial simultaneously with the Note of Issue.  With that understanding the plaintiffs did not file a jury demand as discovery had just gone under way.  Defendants cannot nor have claimed any prejudice to the acceptance of this demand because of the nature of the plaintiffs' claim for personal injuries, a claim traditionally tried by a jury.  Denying plaintiffs of a jury trial based on a technicality will be detrimental to the interest of justice and the Constitutional rights of the plaintiffs.

     Venue should not be transferred because defendants have failed to demonstrate that the interests of justice and the convenience of the parties would be served by such a transfer to New Jersey.  Defendant Starr Transit Co. Inc. is a registered foreign corporation in New York, the plaintiffs reside in New York and the defendants chose to remove this case to a New York Federal Court.

Dated:  November 21, 2005

                              Respectfully submitted,

                              _____
                              NEIL KALRA, ESQ. (6253)

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF QUEENS     )

MAJU VARGHESE being duly sworn says:  I am not a party to the action, am over 18 years of age and reside in Queens, New York.

On November 21, 2005, I served a true copy of the annexed AFFIRMATION IN OPPOSITION AND EXHIBITS, in the following manner:

By Fax, and Express Overnight Mail the same in a sealed envelope, with post prepaid thereon, in a post-office or official depository (mail chute) of the U.S. Postal Service within the State of New York addressed to the last known address of the addressee(s) as indicated below:

    TO:    LAW OFFICES OF FLOYD G. COTTRELL
             Attorneys for Defendants
             5 West Main Street, Suite 201
             Elmsford, New York 10523
             (914) 592-1919

                                                                             _____
                                                                             NEIL KALRA, ESQ.

Sworn to before me this
_____ day of November, 2005